**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT MUGNOLO**,<br><br>Plaintiff,<br><br>v.<br><br>**PHILIP MORRIS USA INC., R.J. REYNOLDS TOBACCO COMPANY**, individually, and as successor-by-merger to LORILLARD TOBACCO COMPANY and as successor-in-interest to the United States tobacco business of BROWN & WILLIAMSON TOBACCO CORPORATION, which is the successor-by-merger to THE AMERICAN TOBACCO COMPANY; **LIGGETT GROUP LLC**, and **WALGREEN CO.**,<br><br>Defendant. | ) | Case No. 1:26-cv-02852<br><br>**JURY DEMANDED** |

**PLAINTIFF'S MOTION FOR REMAND AND FOR**
**AWARD OF COSTS AND FEES UNDER 28 U.S.C. § 1447(c)**

Plaintiff VINCENT MUGNOLO ("Plaintiffs"), by and through his attorneys, respectfully moves this Court pursuant to 28 U.S.C. §1447 and Rule 11 of the Federal Rules of Civil Procedure to remand this case to the Circuit Court of Cook County, Illinois, from which it was improperly removed on March 13, 2026. Furthermore, Plaintiff moves for an award of attorneys' fees and sanctions against Defendants Philip Morris USA Inc. ("Philip Morris"), R.J. Reynolds Tobacco Company ("Reynolds"), and Liggett Group LLC ("Liggett") (collectively, the "Manufacturer Defendants") pursuant to 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure.

## INTRODUCTION

The Manufacturer Defendants snap-removed this case prior to service of process on the baseless theory that Defendant Walgreen Co. ("Walgreens"), an Illinois citizen like Plaintiffs, was "fraudulently joined" to defeat diversity jurisdiction. Snap removal is disfavored in the Northern District where "the practice is . . . inconsistent with the purpose of the forum-defendant rule and is therefore prohibited." *Norwegian Air Shuttle ASA v. Boeing Co*., 530 F. Supp. 3d 764, 768 (N.D. Ill. 2021) (citing *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005); *Id.* at 770 ("the snap-removal loophole essentially writes the forum-defendant rule out of existence for any defendants with the resources and wherewithal to monitor exhaustively local court filings."); *See also In re Abbott Labs, et al., Preterm Infant Nutrition Prods. Liab. Litig*., No. 22 C 192, 2022 WL 2257182, at *6 (N.D. Ill. June 23, 2022) ("The court concludes that [28 U.S.C.] § 1441(b)(2) does not permit snap removal, either on its own statutory terms or under the doctrine of absurdity.")

Additionally, this Court and courts throughout this District have repeatedly and consistently rejected identical arguments for removal in cases involving these same defendants, the same Walgreens negligence allegations, and the same removal theory. Indeed, at the time of removal, the Manufacturer Defendants were aware of at least five prior remand orders in this District, including *Dispenza v. Philip Morris USA Inc*., No. 1:20-cv-05190 (N.D. Ill. Dec. 2, 2020) (Kocoras, J.), and yet proceeded with removal anyway. They cite those decisions in footnotes 4, 8, 13 and 14 of their own Notice of Removal, demonstrating actual knowledge of these contrary authorities. (Dkt. #1).

Removal was improper because Walgreens is a resident of Illinois and its joinder destroys diversity. The Manufacturer Defendants bear the heavy burden of proving that Walgreens was

fraudulently joined — i.e., that there is no reasonable possibility Plaintiff can state a cause of action against it — and they cannot carry that burden. Plaintiff's complaint alleges specific and concrete facts showing that Walgreens had actual, superior knowledge of the dangers of cigarettes, derived enormous profits from the sale of cigarettes while simultaneously selling smoking cessation products, and continued to sell cigarettes after its competitor CVS stopped doing so in 2014. These allegations more than suffice to state a negligence claim under Illinois law.

The Manufacturer Defendants' removal was objectively unreasonable. They acknowledged in their own Notice of Removal the weight of authority against their position, yet filed this removal anyway for the improper purpose of delay and to increase the costs of litigation for an elderly gentleman who smoked the Manufacturer Defendants' cigarettes for over thirty years and has now been diagnosed with a smoking related disease. Sanctions are warranted.

## FACTUAL BACKGROUND

### I. The Mugnolo Complaint

Plaintiff Vincent Mugnolo began smoking at age 14 and smoked cigarettes manufactured, marketed, and sold by the Manufacturer Defendants for over forty years. As a direct and proximate result of his decades of cigarette smoking, Mr. Mugnolo developed COPD.

Plaintiffs filed this action on February 10, 2026, in the Circuit Court of Cook County, Illinois, as Case No. 2026-L-001619. The Manufacturer Defendants were served on March 11, 2026, and filed their Notice of Removal on March 13, 2026, within the thirty-day period provided by 28 U.S.C. § 1446(b). Defendant Walgreens has not joined in or consented to the removal.

Counts VIII and IX of Plaintiff's complaint assert negligence and strict product liability claims against Walgreens. See Complaint at ¶¶ 150–184, attached as **Exhibit A**. The complaint alleges that Walgreens owed Plaintiff a duty of care because it had superior knowledge of the

dangers of cigarettes that was not known to ordinary consumers, including Mr. Mugnolo. Specifically, the complaint alleges, among other facts:

- Walgreens' own website acknowledges that cigarette smoke contains approximately 7,000 chemicals, hundreds of which are toxic and approximately 70 of which can cause cancer, and states "Smoking affects you in more ways than you know." Ex. A at ¶¶ 160-162.
- In 1977, the Tobacco Institute sent correspondence to Walgreens at Walgreens' request, noting Walgreens' "willingness to take part in the smoking and health controversy on the side of the tobacco industry." Ex. A at ¶¶ 164-168.
- In 1993, a Manufacturer Defendant sent Walgreens a letter requesting indemnification from tobacco-related lawsuits, which further demonstrates Walgreens' awareness of the risk that cigarettes posed to its customers. Ex. A at 169.
- An internal 2008 R.J. Reynolds presentation provided to Walgreens stated that "no tobacco product has been shown to be safe and without risks." Ex. A at 170-171.
- Walgreens knew of less hazardous alternative products yet continued to sell cigarettes, even after its major competitor CVS stopped selling cigarettes in 2014 for reasons of public health. Ex. A at ¶¶ 172-174.
- Walgreens profits not only from the sale of cigarettes but also from the sale of smoking cessation products to treat the very addiction that cigarettes create. Ex. A at ¶¶ 175-176.
- The American Pharmacists Association's code of ethics requires pharmacists to act in the best interest of their patients and to avoid harm; Walgreens violated this standard by continuing to sell cigarettes despite its superior knowledge of their dangers. Ex. A at ¶¶ 174.

## II. The Manufacturer Defendants' Removal and Their Acknowledgment of Contrary Authority

The Manufacturer Defendants removed this action based solely on diversity jurisdiction under 28 U.S.C. § 1332, claiming that Walgreens—indisputably an Illinois citizen—was "fraudulently joined." The Notice of Removal contends that Plaintiffs cannot maintain a negligence claim against Walgreens because Walgreens did not design or manufacture any product, and relies heavily on *Clay v. Philip Morris USA Inc.*, No. 1:18-cv-03549 (N.D. Ill.) (Norgle, J.).

Notably, in footnotes 4, 8, 13 and 14 of the Notice of Removal, the Manufacturer Defendants acknowledge that multiple federal courts in the Northern District have remanded cases involving these identical arguments:

> While other courts in this District have found similar allegations sufficient and have granted motions to remand to state court, *see, e.g.*, Order, *Mitchell v. Philip Morris USA Inc.*, No. 18-C-7739, Dkt. No. 85 (N.D. Ill. Apr. 24, 2019) (Blakey, J.); *see also infra* fns. 8–9, . . . (Dkt. #1 fn 4.)
>
> Manufacturer Defendants recognize that some other judges in this District have declined to find fraudulent joinder in other removals involving Walgreens. *See, e.g.*, Mem. Op. & Order in *Smith v. Philip Morris*, Case No. 18 C 03697, Dkt. No. 85, at p. 11 (N.D. Ill. Sept. 30, 2019) (Chang, J.) (remanding case while acknowledging that question of fraudulent joinder was a "close" call and noting that the Seventh Circuit has not clearly foreclosed this basis for removal). Manufacturer Defendants respectfully submit that the well-reasoned *Clay* opinion, not other contrary opinions like *Smith*, should be followed here. (Dkt. #1 fn 8).
>
> In *Mitchell*, the district court acknowledged that the Illinois Seller's Exception Statute requires that a non-manufacturer defendant be dismissed where the statute has been satisfied. Order at 5-6, *Mitchell v. Philip Morris USA Inc.*, et al., No. 1:18-cv-07739 (N.D. Ill.) (Blakey, J.). Nevertheless, the *Mitchell* court reached the opposite conclusion from the Clay court and granted the plaintiff's motion to remand, . . . (Dkt #1fn 13).
>
> Notably, the remand orders in certain other, similar smoking-and-health cases do not even address the plaintiff's negligence claim against Walgreens. *See* Order, *Stone v. Philip Morris USA Inc.*, No. 20-C-5198 (Oct. 26, 2020) (Kennelly, J.); Memorandum Opinion, *Dispenza v. Philip Morris USA Inc.*, No. 20-C-5190

(Dec. 2, 2020) (Kocoras, J.); Order, *Andersen v. Philip Morris USA Inc.*, No. 19-C-5812 (Jan. 28, 2020) (Lee, J.); Order, *Dowdle v. Philip Morris USA Inc.*, No. 18-C-3354 (Feb. 19, 2019) (Alonso, J.). (Dkt. #1fn 14).

Despite acknowledging this substantial weight of contrary authority from five different judges in this District, the Manufacturer Defendants proceeded with removal. This conduct is the hallmark of an objectively unreasonable removal filed for an improper purpose.

## LEGAL STANDARD

The removing party bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). Federal courts must interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. "Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). When a court remands, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fees should be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Complete diversity of citizenship among all parties is required under 28 U.S.C. § 1332.

## ARGUMENT

### I. REMOVAL IS IMPROPER BECAUSE WALGREENS IS AN ILLINOIS CITIZEN AND THERE IS A REASONABLE POSSIBILITY THAT PLAINTIFF CAN MAINTAIN ITS NEGLIGENCE CLAIM AGAINST WALGREENS.

#### A. Plaintiff's Complaint States a Reasonable Possibility of Recovery on Its Negligence Claim Against Walgreens.

Under Illinois law, a retailer such as Walgreens may be held liable in negligence where it had superior knowledge of a danger that was not known to ordinary consumers. *Cunis v. Brennan*, 7 Ill. App. 3d 204, 208 (1st Dist. 1972). Whether Walgreens had such superior knowledge and

whether that knowledge was a proximate cause of Plaintiff's injuries are quintessential questions of fact for the jury. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 454 (1992).

As detailed above, Plaintiff's complaint alleges in specific, detailed terms that Walgreens possessed exactly such superior knowledge. The complaint sets forth documentary evidence, from Walgreens' own records and from the records of the Manufacturer Defendants, demonstrating that Walgreens was aware since at least 1977 that their cigarette products were harmful to health, that the Manufacturer Defendants were specifically enlisting Walgreens as an ally in the "smoking and health controversy," and that as recently as 2008, Walgreens was receiving presentations from the Manufacturer Defendants confirming that "no tobacco product has been shown to be safe and without risks." Walgreens' own website acknowledges the extraordinary danger of cigarettes. Yet despite this knowledge, and the ethical obligations of a pharmacist to avoid harming their patients, Walgreens continues to sell cigarettes to this day, profiting from the same addiction it helps create while simultaneously selling smoking cessation products. This conduct is actionable in negligence under Illinois law.

The Manufacturer Defendants contend that there is no possibility of recovery against Walgreens because Walgreens did not design or manufacture cigarettes and because retailer liability claims based on continuing to sell cigarettes are preempted. Both arguments fail. Plaintiff's negligence claim against Walgreens is not based on product design or manufacture; it is based on Walgreens' independent duty as a retailer with superior knowledge of the product's dangers to exercise its duty of reasonable care toward its customers. When a retailer places products in the stream of commerce that they knew or reasonably should have known to be unsafe, that retailer may be held liable in negligence. Such a theory of negligence liability is well-recognized in Illinois law and does not require Walgreens to have any role in the product's design.

*See Jones v. UPR Products, Inc*., 2015 WL 3463367, *5 (N.D. Ill. May 29, 2015) ("To state a products liability claim based on negligence, the plaintiff must show that the defendant 'knew or should have known of the risk posed by the product.'"); *Brobbey v. Enterprise Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 430 (1st Dist. 2010) (In a negligence claim, plaintiff must prove not only that the product was not reasonably safe, but also that the defendant knew, or in the exercise of ordinary care should have known, of that unsafe condition.); Restatement (2nd) of Torts §389 ("One who supplies directly . . . a chattel for another's use, knowing or having reason to know that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for physical harm caused by such use to those whom the supplier should expect to use the chattel or to be endangered by its probable use, and who are ignorant of the dangerous character of the chattel[.]"); *Lewis v. Lead Industries Ass'n, Inc*., 342 Ill.App.3d 95, 100 (1st Dist. 2003) (Citing Restatement (Second) of Torts §389 for the proposition that "The supplier of an unreasonably dangerous product may be liable for injuries proximately caused by the product in a negligence action.").

The Manufacturer Defendants' preemption arguments are similarly without merit. The Federal Cigarette Labeling and Advertising Act ("FCLAA"), 15 U.S.C. §§ 1333, 1334(b), preempts state-law claims based on a "duty . . . to warn" regarding smoking and health, but does not preempt claims based on a retailer's independent knowledge and conduct. The Eleventh Circuit has specifically held that "[t]he FCLAA preempts only state-law claims based on a failure to warn; it does not preempt claims based on design defect or general negligence." *Graham v. R.J. Reynolds Tobacco Co*., 857 F.3d 1169, 1186 (11th Cir. 2017) (*en banc*). While these arguments could be part of a later motion for summary judgment, they provide no basis to find that Plaintiff cannot

state a claim for negligence against Walgreens. As long as there is any reasonable possibility of recovery—and there is here—remand is required.

## B. The Overwhelming Weight of Authority in This District Requires Remand.

Every court in the Northern District that has considered fraudulent joinder arguments against Walgreens in cases involving these same Manufacturing Defendants and these same negligence allegations has remanded the case. Plaintiff has pleaded a cognizable case for negligence against Walgreens; Walgreens is a citizen of Illinois; Plaintiff is a citizen of Illinois. Walgreens' presence as a defendant, therefore, destroys diversity and bars removal. This Court should find the same and order remand.

In *Mitchell v. Philip Morris USA Inc.*, No. 1:18-cv-04412, 2019 WL 1787587 (N.D. Ill. Apr. 24, 2019) (Blakey, J.), the court remanded after finding that the plaintiff had alleged a reasonable possibility of maintaining a negligence claim against Walgreens, noting that the complaint alleged Walgreens had specific, superior knowledge of the dangers of cigarettes and that Walgreens' knowledge could not be imputed to ordinary consumers.

In *Smith v. Philip Morris USA Inc.*, No. 1:19-cv-01441, 2019 WL 4750119 (N.D. Ill. Sept. 30, 2019) (Chang, J.), the court likewise remanded, finding the same Walgreens negligence allegations sufficient to defeat a fraudulent joinder claim. Judge Chang expressly rejected the Manufacturer Defendants' reliance on *Clay*, noting that under the fraudulent joinder standard, which is more lenient than Rule 12(b)(6), the court could not conclude there was no reasonable possibility of recovery.

In *Anderson v. Philip Morris USA Inc.*, No. 1:19-cv-06012, 2020 WL 433867 (N.D. Ill. Jan. 28, 2020) (Lee, J.), the court again ordered remand, finding the fraudulent joinder standard was not satisfied. And In *Dowdle v. Philip Morris USA Inc.*, No. 1:18-cv-03554, Dkt. 138 (N.D.

Ill. Feb. 19, 2019) (Alonso, J.), and in *Aron v. Brown & Williamson Tobacco Corp*., 2003 WL 21305531 (N.D. Ill. Feb. 10, 2003), courts in the Northern District similarly remanded identical or comparable cases.

Most recently, in *Dispenza v. Philip Morris USA Inc*., No. 1:20-cv-05190 (N.D. Ill. Dec. 2, 2020) (Kocoras, J.), the court remanded a case involving these same defendants, these same Walgreens negligence allegations, and this same removal theory. The Manufacturer Defendants cite *Dispenza* in footnote 14 of their Notice of Removal, acknowledging that they knew of the remand order yet filed this removal anyway. That acknowledgment underscores both the frivolity of the removal and the bad faith with which it was filed.

The only case the Manufacturer Defendants point to in support of removal is *Clay v. Philip Morris USA Inc*., No. 1:18-cv-03549 (N.D. Ill.) (Norgle, J.), in which the court denied remand and later dismissed the negligence claim on the merits. The *Clay* court's reasoning was flawed, as it improperly evaluated the weight and credibility of the factual allegations, which is inappropriate when deciding a motion for remand. *See generally Poulos v. Naas Foods, Inc*, 959 F.2d 69, 73 (In ruling on fraudulent joinder, the Court must resolve all issues of fact and law in favor of the plaintiff.). Any ambiguities in state law must be "resolved in favor of plaintiff's choice of forum." *Smith v. Merck & Co*., 472 F.Supp.2d 1096, 1101 (S.D. Ill. 2007); *Mitchell*, 2019 WL 1787587 at *5 (Judge Norgle's finding in *Clay* underscores the uncertainty in Illinois law, and such uncertainties must be resolved in favor of the plaintiff such that there is no fraudulent joinder.) As observed by the court in *Elrod v. Bayer Corp*., 2020 WL 4284416, at *5 (N.D. Ill. July 27, 2020), a prior state court ruling on the viability of a claim "bears directly on the viability" of the claim in the fraudulent joinder analysis. Multiple Cook County Circuit Court judges have denied motions to dismiss identical negligence allegations against Walgreens, proving further confirmation that

the allegations in Plaintiff's complaint are an actionable claim. *Id.* at *4 n.4 (federal courts "must follow suit" on state court rulings concerning whether an actionable claim exists).

In sum, the Manufacturer Defendants have not and cannot meet their heavy burden of showing that there is no reasonable possibility Plaintiff can maintain its negligence claim against Walgreens. Remand is required.

## II. SANCTIONS SHOULD BE IMPOSED AGAINST THE MANUFACTURER DEFENDANTS UNDER 28 U.S.C. § 1447(c) AND RULE 11.

### A. Attorneys' Fees Are Warranted Under 28 U.S.C. § 1447(c).

When a federal court remands a case, it may award attorneys' fees and costs under 28 U.S.C. § 1447(c) when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The intent of the statute is to reimburse a party, like Plaintiff, who has incurred considerable expenses in fighting a frivolous and legally insufficient removal. The Seventh Circuit has observed that "[u]njustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." I., 211 F.3d 407, 411 (7th Cir. 2000). Given the clear lack of diversity jurisdiction, an award of attorneys fees and costs in responding to the improper removal is appropriate.

### B. Rule 11 Sanctions Are Also Warranted.

Rule 11 of the Federal Rules of Civil Procedure requires that any filing presented to the court be "warranted by existing law or by a nonfrivolous argument" and not "filed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). When a litigant has violated these rules, sanctions are available as an appropriate remedy.

The Manufacturer Defendants' removal violates both provisions. It is not warranted by existing law in this District, as demonstrated by the six prior remand orders cited *supra*. The pattern of filing the same removal in case after case, and being remanded in case after case, is strong evidence that the present removal was filed for the improper purposes of harassment, delay, and as a litigation tactic to force Plaintiff to incur additional costs and expenses to fight the removal.

Mr. Mugnolo has been diagnosed with COPD as a result of the Manufacturer Defendants' cigarettes. He smoked those cigarettes for over forty years. The Manufacturer Defendants' tactic of filing baseless removals serves no purpose other than to burden plaintiffs like Mr. Mugnolo with additional costs and to delay the litigation. Rule 11 sanctions are designed to deter exactly this conduct and are warranted here.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(1) Remand this action to the Circuit Court of Cook County, Illinois;

(2) Award Plaintiff costs, attorneys' fees, and actual expenses pursuant to 28 U.S.C. § 1447(c), incurred as a result of the removal, including but not limited to the prosecution of the remand of this case;

(3) Impose Rule 11 sanctions on Manufacturing Defendants in such an amount as the Court deems appropriate to deter the filing of objectively unreasonable removals for improper purposes, such as is the case here;

(4) Grant such other and further relief as this Court deems just and proper.

Dated: February 10, 2026

Respectfully submitted,

VINCENT MUGNOLO

MEYERS & FLOWERS, LLC

*/s/ Jonathan P. Mincieli*________________
Peter J. Flowers, One of its Attorneys

Jonathan P. Mincieli, Esq.
**IL BAR NO. 6274091**
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
(630) 232-6333
jpm@meyers-flowers.com

Chicago Office:
225 W. Wacker, Suite 1515
Chicago, IL 60606

INDEX OF EXHIBITS

- **Exhibit A:** Plaintiff's Complaint at Law

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing Plaintiff's Motion to Remand and for Award of Costs and Fees Under 28 U.S.C. § 1447(c), together with Exhibit A attached thereto, was served upon all counsel of record via the Court's CM/ECF electronic filing system.

_/s/ Jonathan P. Mincieli_____________________
Attorney for Plaintiff